### IVES *v.* EDISON.

EASEMENTS—DEEDS—STAIRS—PERPETUAL GRANT.

A conveyance of a store, creating an easement in a flight of steps to the upper story to the purchaser, for herself and her assigns forever, with a covenant of title in fee, established a perpetual right of user. And the grantees of the subservient estate having acquired their interest with full knowledge of the deed and of the interpretation that had been placed on the grant by the court in previous litigation were not entitled to the aid of the court of equity to acquire the outstanding rights.

Appeal from Kent; Adsit, J. Submitted April 11, 1916. (Calendar No. 18,045.) Decided June 1, 1916.

Bill by Marietta Ives against George M. Edison and Abraham May to enjoin defendants from interfering with an easement. On petition of A. May & Sons to intervene and for revivor and other relief. Denied.

*Selling & Brand* and *Gustave A. Wolf,* for petitioners.

*Charles E. Ward,* for respondents.

MOORE, J.   To understand this proceeding it will be helpful to read the opinions in *Ives* v. *Edison,* 124 Mich. 402 (83 N. W. 120, 50 L. R. A. 134, 83 Am. St. Rep. 329).

This is a petition to permit the petitioners to revive the case by substituting in the place of the former parties now deceased their successors in interest, to the end that the injunction in said suit may be dissolved.   We will not quote the petition and answer *in extenso,* but refer to the important averments.

The petitioners show that Mrs. Ives died in 1912, and that her executor sold the Ives Building, including the easements, to parties who have rebuilt the Ives Building, and so connected it with the adjoining building on the south that it is claimed they are virtually one building, having an elevator and staircases, so that the use of the easement is not necessary.

It is claimed that A. May & Sons have succeeded to the business of Abraham May, and that Meyer S. May is the owner of the Richmond half of the building, and the owner of a lease running for more than 100 years of the Edison part of the building, that the petitioners desire to put up a modern building, and cannot do so if the central stairway is to remain, and that the easement is being used to extort a large sum of money from A. May & Sons and Meyer S. May.

The answer asserts that petitioners acquired their rights with full knowledge of the easements and the decree of this court, as did the owners of the Ives interest.   It asserts the easement is necessary and valuable to the Ives Building, and that it was bought and paid for subsequent to the decree.   It denies that the easement is held for purposes of extortion, and asserts

that the executor of the Ives estate accepted an offer from Meyer S. May to sell to him the Ives property, including the easements, for a reasonable sum, that Mr. May, instead of carrying out the agreement, then entered into an arrangement with the parties who were negotiating for the property by which they would not be competitors against each other, thereby attempting to get the property, including the easements, for less than they were worth, and refused to carry out his agreement, and that then the Ives Building and easement were sold to the present owners or their grantors. The answer denies that anything has arisen to make it equitable to reopen the case.

Petitioners' claims are as follows (we quote from the brief):

"A. May & Sons and Mr. May make two claims in their petition:

"(1) That by the very terms of the deed creating the easement and limiting its use to Calvin L. Ives, his family, friends, customers, and lessees, said easement has come to an end by reason of the death of both Mr. and Mrs. Ives and the passing of the property entirely from the Ives family, there now being no tenants of that building who were ever tenants of any member of the Ives family; and, the said Ives family no longer conducting any business in said building and not residing therein, there is no one who, under the claim of being a friend or customer of the Ives family, may assert any rights in said alleged easement.

"(2) That because of the change in conditions the present owners, occupants, and their tenants have a full, free, convenient, and uninterrupted access to every part of the so-called Ives Building through the new staircase and new elevator installed in the new building covering the ground formerly occupied by the Ives Building and the property immediately to the south; and it is therefore grossly inequitable that petitioners should have to leave practically empty and idle, except in so far as they themselves can use the ground floor of their property in its present dilapidated condition, one of the finest corners in the grow-

ing city of Grand Rapids, upon which, if they are permitted to do so, they will erect a fine, modern, tall building of steel construction which will be a credit to the city of Grand Rapids."

Both of these claims are denied by the respondents.

As to the first of these claims there should be quoted from the deed in addition to what is quoted in the opinion in 124 Mich. 402 (83 N. W. 120, 50 L. R. A. 134, 83 Am. St. Rep. 329), the following:

"After the description of the easements the deed reads:

"'Together with all and singular the hereditaments and appurtenances thereunto belonging, or in anywise appertaining, * * * and all the estate, right, title, interest, claim, and demand whatsoever of the said parties of the first part, either in law or equity, of, in, and to the above-bargained premises, with the tenements, easements, hereditaments, and appurtenances; to have and to hold the said premises as above described with the appurtenances unto the said party of the second part and to his heirs and assigns forever.'

"And in the covenant for title the first parties

"'covenant, grant, bargain, and agree to and with the said party of the second part, his heirs and assigns, that at the time of the ensealing and delivery of these presents they are well seised of the premises above described as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law in fee simple."

No member of the court had any doubt when the case was here before, as stated by Justice HOOKER—

"Undoubtedly she [Mrs. Ives] has a legal right to have the stairs maintained until the end of time," etc—

and we think there can be no doubt now of that fact.

As to the second contention of petitioners: The parties it is sought to make parties to the litigation now acquired such rights as they have, not only with full knowledge of the deed conveying the easement, but with full knowledge of the construction given to the deed by this court; the consideration paid by each of them

for the interest acquired undoubtedly being affected by the existence of the easements. Each party got what he bought. If one desires something the other owns, we do not see how the court can help him acquire it.

The case presented here does not differ in principle from the case as presented before. What we said then is equally true now.

The petition is denied, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.